**Audrey FISHER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.

Decided March 30, 1998.

---

Timothy P. Wile, Asst. Counsel In–Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Stanley W. Greenfield, Pittsburgh, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Allegheny County Court of Common Pleas that sustained the appeal of Audrey Fisher from a one-year suspension of her operating privilege.

Fisher, a Pennsylvania resident, was charged with violating New Hampshire Rev. Stat. § 265:82 [Driving Under Influence of Drugs or Liquor; Driving with Excess Alcohol Concentration]. She was later convicted of that charge in a New Hampshire court, and New Hampshire suspended her operating privilege in that state for ninety (90) days.

By notice dated June 10, 1997, the Department informed Fisher:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW HAMPSHIRE of your conviction on 02/24/1997 of an offense which occurred on 12/27/1996, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581 sets forth the provisions of the Driver's License Compact (Compact). Article III of the Compact [Reports of Conviction] states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact [Effect of Conviction] partially sets forth:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

.    .    .    .    .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

.    .    .    .    .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added).

In sustaining Fisher's statutory appeal the common pleas court had determined

that she "was convicted of the underlying charge in New Hampshire by standards lower than those of Pennsylvania." *Commonwealth of Pennsylvania v. Fisher* (No. 562 SA 1997, filed November 5, 1997), slip op. at 2. The Department now appeals here, asking whether the common pleas court erred in ruling New Hampshire's Driving Under the Influence (DUI) offense is not "substantially similar" to Pennsylvania's DUI offense for purposes of Article IV of the Compact.[1]

Pennsylvania's statute, Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 [Driving Under Influence of Alcohol or Controlled Substance], provides in relevant part:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

(Footnote omitted).

N.H.Rev.Stat. § 265:82 provides:

I. No person shall drive or attempt to drive a vehicle upon any way:

(a) While such person is under the influence of intoxicating liquor or any con-

trolled drug or any combination of intoxicating liquor and controlled drugs; or

(b) While such person has an alcohol concentration of 0.08 or more or in the case of a person under the age of 21, 0.02 or more.

II. [Repealed.]

█ Because Fisher had refused a chemical test of her blood, this is not a case wherein a per se violation of the Pennsylvania and/or the New Hampshire DUI statute applies. Rather, here, we need compare the language of 75 Pa.C.S. § 3731(a)(1) to the language of N.H.Rev.Stat. § 265:82(I)(a). Therefore, the issue is whether the language in the Pennsylvania DUI statute, "[a] person shall not drive, operate or be in actual physical control of the movement of a vehicle ... *[w]hile under the influence of alcohol to a degree which renders the person incapable of safe driving*" (emphasis added) is substantially similar to the language in the New Hampshire DUI statute, "[n]o person shall drive or attempt to drive a vehicle upon any way ... *[w]hile such person is under the influence of intoxicating liquor....*" (Emphasis added). We believe that, pursuant to Article IV(c) of the Compact, this language is indeed substantially similar, thereby creating substantially similar violations or offenses.

Webster's Ninth New Collegiate Dictionary 634 (1984) includes among its definitions of "intoxicate" the following: "to excite or stupefy by alcohol or a drug esp. to the point where physical and mental control is markedly diminished[.]"[2] Obviously, then, if a person is convicted of driving or attempting to drive a vehicle in this intoxicated or "markedly diminished" mental/physical state, he or she could also be properly convicted of driving or operating a vehicle while under such influence of alcohol as to render him or her unable to drive safely. Any other interpretation of these statutory provisions would ignore common usage and would not give full

1. Our scope of review of a common pleas court decision in a license suspension appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

2. Pursuant to Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." *Roush v. Department of Transportation,* 690 A.2d 1278, 1281–1282 (Pa. Cmwlth.1997).

force and effect to Article IV and the Driver's License Compact in its entirety.

This holding today by no means conflicts with our decision in *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *allocatur granted,* 546 Pa. 698, 687 A.2d 380 (1997). *Olmstead* involved a violation by a Pennsylvania resident of New York's Driving While Ability Impaired (DWAI) statute, which is a lesser included offense of New York's Driving While Intoxicated (DWI) statute. As here, no chemical test was at issue in *Olmstead.* There, however, we reversed the trial court's decision to uphold Olmstead's one-year license suspension, imposed by the Department, since violations of New York's DWAI statute and Pennsylvania's DUI statute are not substantially similar offenses. This is because New York's DWAI statute, which punishes *any* alcohol-related impairment in driving a motor vehicle, has *no* equivalent in the laws of this Commonwealth. The same cannot be said of N.H.Rev.Stat. § 265.82(I)(a).

Because we are convinced that a person convicted of driving a vehicle while under the influence of intoxicating liquor is a fortiori unable to drive a vehicle safely due to alcohol, we reverse the decision of the common pleas court.

### ORDER

AND NOW, this 30th day of March, 1998, the Order of the Allegheny County Court of Common Pleas, SA #562 1997, filed September 11, 1997, is hereby reversed.