Donald Joseph ECK

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.
Decided June 24, 1998.

Timothy P. Wile, Asst. Counsel In-Charge,
and Harold H. Cramer, Asst. Chief Counsel,
Harrisburg, for appellant.

Angelo T. Almonti and John E. Roberts,
Allentown, for appellee.

Before COLINS, President Judge, and
KELLEY, J., and McCLOSKEY, Senior
Judge.

COLINS, President Judge.

The Department of Transportation, Bu-
reau of Driver Licensing (DOT) appeals from
the order of the Court of Common Pleas of
Lehigh County sustaining Donald Eck's stat-
utory appeal of a one-year suspension of his
driving privilege imposed under 75 Pa.C.S.
§ 1532(b)(3) and § 1581, Article IV (Driver
License Compact or Compact).[1]

On June 9, 1997, Eck was convicted in
Maryland for driving under the influence of
alcohol (DUI), a violation of Md.Code,
Transp. § 21–902(b).[2] Maryland is a party
state to the Driver License Compact,[3] and as

---

1. 75 Pa.C.S. § 1532(b)(3) requires DOT to sus-
pend for one year the operating privilege of any
person convicted under 75 Pa.C.S. § 3731(a) of
driving under the influence of alcohol (DUI). 75
Pa.C.S. § 1581, Article IV(a)(2), requires DOT to
give the same effect to a DUI conviction in a
party state as that conduct would have in the
home state.

2. Chemical testing is not at issue in this case.

3. Maryland joined the Compact by enactment of
Md.Code, Trans. Article §§ 16–701—16–708.

such it reported Eck's conviction to DOT, which suspended Eck's operating privilege. The court of common pleas sustained Eck's statutory appeal because the Maryland DUI statute punishes a licensee for driving after consuming any amount of alcohol, regardless of the level of impairment. Because the Maryland conviction does not mean that Eck was under the influence of alcohol to a degree that rendered him incapable of driving, as required under the Pennsylvania DUI statute, the court reasoned that his operating privilege may not be suspended under the Compact.

On appeal[4] to this Court, DOT argues that the Compact requires that Pennsylvania give effect to the conduct reported as if it had occurred in Pennsylvania and that the DUI statutes are substantially similar in that they prohibit the same unlawful conduct and require the same proof for conviction.

Under Article IV of the Compact, Pennsylvania is authorized to give the same effect to the conduct reported as it would if such conduct had occurred in the home state, in the case of a conviction for "driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving a motor vehicle[.]" 75 Pa.C.S. § 1581, Article IV(a)(2). For all other convictions, the reported conduct is to be given such effect as is provided under the laws of the home state. 75 Pa.C.S. § 1581, Article IV(b).

Md.Code, Transp. § 21–902(a) and (b) prohibit driving while intoxicated and driving under the influence of alcohol.

(a) *Driving while intoxicated.*—A person may not drive or attempt to drive any vehicle while intoxicated.

(b) *Driving while under the influence of alcohol.*—A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

Eck was convicted under subsection (b). The Pennsylvania DUI statute, 75 Pa.C.S. § 3731(a)(1), provides that "[a] person shall

not drive, operate or be in actual physical control of the movement of any vehicle ... while under the influence of alcohol to a degree which renders the person incapable of safe driving[.]" In Maryland, the use of any amount of alcohol will support a conviction of driving under the influence of alcohol (DUI), Md.Code, Transp. § 21–902(b), and Pennsylvania has no essentially similar offense. Pennsylvania's DUI statute is more akin to the Maryland offense of driving while intoxicated (DWI), Md.Code, Transp. § 21–902(a). *See Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *affirmed,* 550 Pa. 578, 707 A.2d 1144 (1998).

Because Maryland did not report that Eck had driven while under the influence of alcohol to a degree that he was incapable of driving safely, DOT cannot suspend his operating privilege under Article IV(a)(2) of the Compact as if he had been convicted of such conduct under the Pennsylvania DUI statute. Under subsection (b), Eck's conduct would have no consequences under Pennsylvania law. *See Id.*

Our recent decision in *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth.1998), is distinguishable. In *Fisher* we upheld a suspension under a New Hampshire statute that prohibited driving under the influence of intoxicating liquor or with a blood alcohol level of .08 percent. The New Hampshire statute was not one that punished *any* alcohol-related impairment.

We reject any comparison of the two DUI statutes under Article IV(c). Where the laws of the party state do not provide for offenses defined in precisely the terms used in subsection (a), Article IV provides that the *"party state shall construe* the [definitions] appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and *the laws of such party state shall contain such provisions* as may be necessary to ensure that full force and effect is given to this article." 75 Pa.C.S. § 1581, Article IV(c)

---

4. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or abuse of discretion in reaching its

decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

(emphasis added). This subsection provides that the party state shall construe the definitions as identifying offenses of a substantially similar nature; this subsection does not authorize the home state's licensing authority to identify out-of-state offenses that are substantially similar to home-state offenses. Furthermore, subsection (c) directs that the laws of the party state shall contain such provisions as necessary to ensure that the Compact is given full force and effect.[5]

Accordingly, the order of the court of common pleas is affirmed.

### ORDER

AND NOW, this 24th day of June, 1998, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

---

**5.** Although this issue is not before the Court, subsection (c) seems to require legislative action.