Richard Edward GOLINSKY

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 8, 1999.

Decided Feb. 12, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Thomas G. Johnson and Michael Handler, Indiana, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Indiana County sustaining the appeal of Richard Edward Golinsky from its one-year suspension of his operating privilege.

Golinsky, a Pennsylvania resident, was charged with violating N.C.Gen.Stat. § 20–138.1(a), impaired driving (DWI). He was later convicted of that charge in a North Carolina court.

By notice dated November 24, 1997, the Department informed Golinsky as follows:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a

result of the Department receiving notification from NORTH CAROLINA of your conviction on 10/21/1997 of an offense which occurred on 08/31/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

The effective date of suspension is 12/29/1997, 12:01 a.m.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, to which the Department's notice referred, is the legislative enactment of the interstate Driver's License Compact (Compact) into which the Commonwealth entered with other jurisdictions on December 10, 1996. Article III of the Compact [Reports of Conviction] states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact, [Effect of Conviction], partially sets forth:

(a) The licensing authority in the home state, for the purposes of suspension revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this Compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

. . .

(c) If the laws of a party state do not provide for offenses of violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added).

■ On receipt of the notice of suspension, Golinsky timely challenged it in common pleas court. The court sustained his appeal. On appeal from the common pleas court's decision, the Department raises one argument for this Court's disposition.[1]

As its sole contention of error, the Department argues that the trial court erred when it ruled that North Carolina's DWI statute is not substantially similar to Pennsylvania's statute, 75 Pa.C.S. § 3731. N.C.Gen.Stat. § 20–138.1(a), North Carolina's DWI statute, provides in relevant part:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any time after the driving, an alcohol concentration of 0.08 percent or more. . . .

In comparison, the Pennsylvania DUI statute, provides in relevant part:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device

1. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

(Footnote omitted).

The record does not reveal under what subsection of North Carolina's DWI statute Golinsky was convicted. This is not a case wherein a comparison of the violation of a specific provision of the Pennsylvania DUI and the North Carolina DWI statute can be made. Rather, here, we need to compare the language of 75 Pa.C.S. § 3731(a)(1) to the language of N.C.Gen.Stat. § 20–138.1(a)(1). Therefore, the issue is whether the language in the Pennsylvania DUI statute, "[a] person shall not drive, operate or be in actual physical control of the movement of a vehicle ... *[w]hile under the influence of alcohol to a degree which renders the person incapable of safe driving"* (emphasis added) is substantially similar to the language in the North Carolina DWI statute, "A person commits the offense of impaired driving if he drives any vehicle upon any highway ... *[w]hile under the influence of an impairing substance....*" (Emphasis added).

 Under North Carolina statutes, it has been held that the consumption of alcohol, standing alone, does not render a person impaired. *State v. Ellis,* 261 N.C. 606, 135 S.E.2d 584 (1964). North Carolina Courts have interpreted the term "under the influence" to mean that the defendant has "ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired." *See State v. Phillips,* 127 N.C.App. 391, 489 S.E.2d 890 (1997); *State v. Harrington,* 78 N.C.App. 39, 336 S.E.2d 852 (1985). We find that operating a vehicle while "appreciably impaired" is an offense of a substantially similar nature to operating a vehicle while "incapable of safe driving." Therefore, we conclude that North Carolina's DWI statute is substantially similar to the Pennsylvania DUI statute. When a foreign state's conviction is for conduct which rises to the level of rendering the person incapable of driving safely, it identifies an offense of a substantially similar nature.[2]

Accordingly, we must reverse the order of the common pleas court.

## ORDER

AND NOW, this 12th day of February, 1999, the order of the Indiana County Court of Common Pleas, dated July 22, 1998, at No. 12552 is hereby reversed.

---

**2.** *Compare Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *allocatur* granted, 546 Pa. 698, 687 A.2d 380 (1997) and *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth.1998). In *Olmstead,* we held that the New York state statutory provision under which the licensee was convicted and Pennsylvania's statute were not substantially similar. The New York statute contained a two-tiered structure of offenses, the lesser of which, "Driving while ability impaired," we found to be not substantially similar because it sanctioned driving while impaired *to any extent* by alcohol, in contrast to the offense of "Driving while Intoxicated," which, under New York Law, requires a greater degree of impairment for conviction. *Id.,* 677 A.2d at 1287. In *Fisher,* we held that the New Hampshire statute under which the licensee was convicted and the Pennsylvania statute *were* substantially similar. We found that a conviction under the New Hamp-

shire statute required proof of intoxication, or of a "markedly diminished" state while driving, as in the Commonwealth, where it must be shown that the licensee is incapable of driving safely. We found no conflict between our *Olmstead* and *Fisher* decisions because the New Hampshire statute, unlike New York's, did not punish *"any* alcohol-related impairment" while driving. *Fisher,* 709 A.2d at 1011 (emphasis added).

*See also Eck v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 744 (Pa. Cmwlth.1998), where we found the Maryland DUI statute not to be substantially similar. We found no offense in Pennsylvania similar to that proscribed by Maryland's Code, driving or attempting to drive "while under the influence of alcohol." Md.Code, Transp. § 21–902(b). Again, we distinguished *Fisher* therein on the ground that it, unlike the Maryland statute, was not one that punished any alcohol-related impairment. *Eck,* 713 A.2d at 745.