**John Patrick KLINE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 1998.

Decided Feb. 25, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Robert Peter Kline, New Cumberland, for appellee.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the order of the Court of Common Pleas of Cumberland County (trial court) sustaining the appeal of John P. Kline (Licensee) from a one-year suspension of his operating privilege. We affirm.

On July 9, 1997, Licensee, a Pennsylvania resident, pled guilty in Fairfax County, Virginia, to a charge of violating Virginia's "driving under the influence" (DUI) statute. By pleading guilty, Licensee admitted to driving a motor vehicle while having a blood alcohol concentration of 0.08 percent or more by weight by volume, or 0.08 grams or more per 210 liters of breath. The conviction expressly excluded any liability for driving while under the influence of alcohol. (R.R. 8a.)

By notice dated September 4, 1997, the Department suspended Licensee's operating privilege for a period of one year as a result of the Virginia conviction. The Department's notice advised in part as follows:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from VIRGINIA of your conviction on 07/09/97 of an offense which occurred on 06/01/97, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

(Commonwealth Exhibit 1.)

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, sets forth the provisions of the Driver's License Compact (Compact). Article III of the Compact provides in part that the "licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact provides in pertinent part as follows:

> (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for

> \*     \*     \*     \*     \*     \*

> (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

> \*     \*     \*     \*     \*     \*

> (c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added.)

Licensee filed a statutory appeal with the trial court, which found that Licensee was not convicted on the basis of conduct that would have constituted the offense of DUI in Pennsylvania. Rather, the trial court found that Licensee's conviction was predicated solely upon a blood alcohol content level below that proscribed for an adult driver in Pennsylvania. The trial court concluded that Licensee's Virginia conviction was not for an offense substantially similar to a violation of

Section 3731 of the Vehicle Code [1] and sustained Licensee's appeal.

■ On appeal to this Court [2], the Department contends that the trial court erred in holding that Virginia's DUI statute is not substantially similar to Pennsylvania's for purposes of suspending Licensee's operating privilege under Article IV of Compact.

Virginia's statutory provision proscribing various forms of driving while intoxicated reads as follows:

§ 18.2–266. **Driving motor vehicle, engine, etc., while intoxicated, etc.**—It shall be unlawful for any person to drive or operate any motor vehicle, engine or train *(i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article,* (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (iv) while such person is under the combined influence of alcohol and any drug or drugs which impairs his ability to drive or operate any motor vehicle, engine or train safely. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii) or (iv).

Va.Code Ann. § 18.2–266 (emphasis added).

Pennsylvania's DUI statute states:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance ... to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) *While the amount of alcohol by weight in the blood of:*

(i) *an adult is 0.10% or greater;* or

(ii) a minor is 0.02% or greater.

75 Pa.C.S. § 3731(a) (emphasis added).

■ In determining whether a reported offense in a party state may properly serve as a basis for suspending a Pennsylvania licensee's operating privilege, the party state's offense need only be "substantially similar" to Section 3731(a) of the Vehicle Code in order to mandate a suspension under the Compact. *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth.1998). In *Fisher,* a Pennsylvania licensee was convicted of violating New Hampshire's DUI statute, N.H. Rev.Stat. § 265.82. Under that statute, it is unlawful for a person to drive "(a) While such person is under the influence of intoxicating liquor or any controlled drug ..., or (b) While such person has an alcohol concentration of 0.08 or more...." The *Fisher* court found that the language of this statute was substantially similar to the language of Section 3731(a) of the Vehicle Code, thereby creating a substantially similar offense.

The Department argues that the holding in *Fisher* establishes that Virginia's DUI statute is substantially similar to Section 3731(a) of the Vehicle Code. However, the *Fisher* court made clear that, because the licensee had refused a chemical blood test, the case did not involve a *per se* violation of the statute; thus, the only issue before the *Fisher* court was whether the language of the two statutes was substantially similar. The *Fisher* court did not compare the provisions of the statutes setting forth blood alcohol concentration levels. Instead, the court found that the language in Section 3731(a), "[w]hile

1. 75 Pa.C.S. § 3731.

2. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence or whether the trial court committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

under the influence of alcohol to a degree which renders the person incapable of safe driving" was substantially similar to the language in New Hampshire's DUI statute, "[w]hile such person is under the influence of intoxicating liquor."

 Here, however, as noted by the trial court, Licensee was convicted only of driving with a blood alcohol concentration level of 0.08% or more, and his conviction expressly excluded the other offenses set forth in Virginia's statute, i.e., driving under the influence of alcohol or under the influence of alcohol to a degree which impaired his ability to drive safely. We cannot compare the statutes in their entirety, when Licensee was convicted only of a *per se* violation of Virginia's DUI statute based on his blood alcohol level. Looking only at the offense for which Licensee was convicted, we agree with the trial court that Licensee's conduct would have no consequences under Pennsylvania law.[3]

 A person violates Section 3731(a) of the Vehicle Code if such person has a blood alcohol content level of 0.10% or higher, *or* if such person is under the influence of alcohol to a degree that renders the person incapable of safe driving. While a driver in Pennsylvania need not have a blood alcohol level of 0.10% in order to be convicted of DUI, where there is no evidence to this effect, the Department must prove that the licensee was influenced by alcohol to a degree that he could not drive safely. *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *aff'd,* 550 Pa. 578, 707 A.2d 1144 (1998). A person driving with a blood alcohol level of 0.08% will suffer no consequences under Section 3731(a) of the Vehicle Code if he is still capable of being a safe driver in any case. *Id.*

Like the trial court, we decline to hold that a twenty-percent difference between the two statutes' threshold blood alcohol levels is insignificant, while the legislature currently debates the wisdom of adopting a lower threshold in the Commonwealth. As it currently exists, Section 3731(a) of the Vehicle Code does not prohibit the conduct for which Licensee was convicted in Virginia. Therefore, the Compact does not authorize the Department to suspend Licensee's operating privilege based on that conduct, and the trial court properly sustained Licensee's appeal.

The order of the trial court is affirmed.

### ORDER

NOW, February 25, 1999, the order of the Court of Common Pleas of Cumberland County is affirmed.

3. Similarly, in *Eck v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 744 (Pa.Cmwlth.1998), the court confined its analysis to the language of the specific provision of the party state's DUI statute under which the licensee was convicted. The licensee in *Eck* was convicted under a subsection of Maryland's DUI statute prohibiting a person from driving under the influence of alcohol. The *Eck* court observed that the use of *any* amount of alcohol would support a conviction under this subsection, while a conviction under Pennsylvania's law requires evidence that the licensee was under the influence of alcohol to a degree that renders him incapable of driving safely. The court concluded that the two offenses were not substantially similar. The *Eck* court also noted that the offense of driving while intoxicated, set forth in a different subsection of Maryland's DUI statute, is more akin to Section 3731(a) of the Vehicle Code.