**George D. LAFFERTY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 1999.

Decided Aug. 17, 1999.

Harold H. Cramer, Harrisburg, for appellant.

R. Thomas Forr, Altoona, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common

Pleas of Blair County (common pleas court) that sustained the appeal of George D. Lafferty from a one-year suspension of his driving privileges.

By notice dated April 13, 1998, the Department informed Lafferty as follows.

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from FLORIDA of your conviction on 02/11/1998 of an offense which occurred on 12/01/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.[1]

(Footnote added).

 After a hearing *de novo*, the common pleas court sustained Lafferty's license suspension appeal on the grounds that Section 3731 of the Code and Fla. Stat. Ann. § 316.193, the Florida Driving Under the Influence (DUI) statute pursuant to which Lafferty was convicted, are not "substantially similar" in accordance with the pertinent language of Article IV of the Compact. On appeal here, the Department now raises one question for our review. It asks whether Lafferty's conduct in violating Florida's DUI statute was substantially similar to conduct that would constitute a violation of Pennsylvania's DUI statute under Article IV of the Compact.[2]

Section 3731(a) of the Code provides as follows.

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

Fla. Stat. Ann. § 316.193 provides in part:

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:

(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired; or

---

**1.** Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581 sets forth the Driver's License Compact of 1961 (Compact), by which the Department purported to receive its authority to suspend Lafferty's license. Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3) provides that the Department shall suspend a driver's operating privilege for one year upon receiving a certified record of that driver's conviction of Section 3731 of the Code, 75 Pa.C.S. § 3731 [driving under influence of alcohol or controlled substance].

**2.** Our scope of review of a common pleas court decision in a license suspension appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth*, 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or

(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

Furthermore, Article IV of the Compact [Effect of Conviction] partially sets forth:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact [Reports of Conviction], as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any drug to a degree which renders the driver incapable of safely driving a motor vehicle[.]

. . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in *precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

75 Pa.C.S. § 1581. (Emphasis added).

Here, we agree with the common pleas court that Florida's DUI statute and Pennsylvania's DUI statute do not employ precisely the same language in describing offensive alcohol-related conduct. They also differ to the extent that Florida punishes a blood or breath alcohol level of

.08% or higher, while Pennsylvania punishes a blood alcohol level of .10% or higher in an adult. Despite these variations, there is no doubt that Lafferty committed an offense in Florida that is substantially similar to Section 3731 of the Code, Pennsylvania's DUI offense. At the hearing in this matter, Lafferty does not dispute the Department's evidence that his blood alcohol content, underlying his Florida conviction, measured .163% and .158%, both amounts more than sufficient to convict him of DUI in Pennsylvania pursuant to section 3731. (Notes of Testimony, Hearing of September 24, 1998, p. 5).

We reach this conclusion although in *Kline v. Department of Transportation, Bureau of Driver Licensing,* 725 A.2d 860 (Pa.Cmwlth.1999), we upheld a common pleas court order holding that a licensee, convicted of violating Virginia's DUI statute proscribing a blood alcohol content of .08% or more, should not have had his Pennsylvania license suspended. The common pleas court found that the licensee's conviction was not based on conduct that would have amounted to the offense of DUI in Pennsylvania. Rather, the licensee's Virginia "conviction was predicated solely upon a blood alcohol content level below that proscribed for an adult driver in Pennsylvania." *Id.,* 725 A.2d at 861. There was no indication in *Kline* that the licensee therein had otherwise violated Virginia's DUI statute by driving under the influence of alcohol, or under the influence of alcohol to a degree that impaired his ability to drive safely. *Id.,* 725 A.2d at 863. The crucial distinction here is that there was no indication in *Kline* that the licensee therein had a blood alcohol level of .10% or more, which blood alcohol amount would warrant both a DUI conviction and a civil license suspension in Pennsylvania.

Although Lafferty would have us determine that Florida's DUI statute is not substantially similar to Pennsylvania's DUI statute based on *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.Ct.

1996), *affirmed*, 550 Pa. 578, 707 A.2d 1144 (1998), we need not do so. *Olmstead* involved a Pennsylvania licensee's violation of New York's Driving While Ability Impaired (DWAI) statute, a lesser-included offense of New York's Driving While Intoxicated (DWI) statute. In that case, we rejected the notion that New York's DWAI statute, which punishes any alcohol-related impairment while driving a vehicle, was substantially similar to Pennsylvania's DUI offense, which punishes alcohol-related impairments that affect one's ability to drive safely. Crucial to our decision in *Olmstead*, however, is that no chemical test was there at issue. *See Fisher v. Department of Transportation, Bureau of Driver Licensing*, 709 A.2d 1008 (Pa. Cmwlth.1998), *petition for allowance of appeal granted*, —— Pa. ——, —— A.2d ——, 1999 WL 326255 (No. 40 W.D. Appeal Docket 1999, filed May 25, 1999). By contrast, in the instant case, the Department introduced unrebutted evidence that Lafferty engaged in conduct in Florida that, had he committed such conduct here, would have resulted in a suspension of his Pennsylvania's driver's license.

For all of these reasons, the common pleas court erred in upholding Lafferty's license suspension appeal. The order of the common pleas court is now reversed.

## *O R D E R*

AND NOW, this 17th day of August, 1999, the Order of the Court of Common Pleas of Blair County, No. 98 GN 2757, filed December 30, 1998, is hereby reversed.