Leo E. GOLDEN, Jr., Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2000.

Decided Jan. 10, 2001.

*Workers' Compensation Appeal Board (H.M. Stauffer & Sons, Inc.),* 760 A.2d 899 (Pa. Cmwlth.2000).

David S. Keller, Waynesboro, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

DOYLE, President Judge.

Leo E. Golden, Jr. (Licensee)[1] appeals from an order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch), upholding a one-year suspension of his motor vehicle operating privileges by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1581 of the Vehicle Code which sets forth the Driver's License Compact of 1961 (Compact).[2] We affirm.

On August 10, 1999, Licensee was convicted of driving under the influence in violation of a Commonwealth of Virginia statute that makes it illegal for an individual to operate a motor vehicle with a blood alcohol concentration (BAC) of 0.08% or more. Pursuant to Article III of the Compact,[3] to which both Pennsylvania and Virginia are parties, Virginia notified the Department of Licensee's conviction. The Department then notified Licensee that it was suspending his operating privileges for one year under Article IV of the Com-

---

1. It appears from the record that Licensee's correct name is **Lee** E. Golden, Jr.

2. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581. The Compact is an agreement among the states to promote compliance with each party state's motor vehicle laws. Pennsylvania became a party state to the Compact in 1996 by adopting Sections 1581–1585 of the Vehicle Code.

3. Article III of the Compact provides:
 The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond, or other security and shall include any special findings made in connection therewith.
 75 Pa.C.S. § 1581, art. III.

pact,[4] treating Licensee's Virginia conviction as it would a conviction under Section 3731(a) of Pennsylvania Vehicle Code, 75 Pa.C.S. § 3731(a) (driving under the influence of alcohol or a controlled substance).

■ At the *de novo* hearing, the Department introduced, without objection, a certified copy of the Virginia conviction, the notice of license suspension, and Licensee's driving record. Common Pleas sustained the suspension of Licensee's operating privileges, and this appeal ensued.[5]

■ Initially, Licensee argues that his conviction in Virginia for operating a motor vehicle with a BAC of 0.08% does not constitute a substantially similar offense to Pennsylvania's requirement of 0.10%, relying on *Kline v. Department of Transportation, Bureau of Driver Licensing*, 725 A.2d 860 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 560 Pa. 712, 743 A.2d 924 (1999), and *Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999). Licensee's reliance is misplaced. The *Petrovick* Court's analysis focused on Article IV [6] of the Compact, which requires Pennsylvania to enforce violations of out-of-state statutes that sanction a person for driving under the influence of alcohol to a degree that renders the driver incapable of safely operating a motor vehicle. There-

fore, to determine if a foreign statute is entitled to enforcement in Pennsylvania, *Petrovick* established a two-pronged test: (1) does Pennsylvania have an offense similar to Article IV of the Compact; and (2) does the foreign state have an offense that is substantially similar to Article IV of the Compact. *Id.* at 620, 741 A.2d at 1267. The *Petrovick* Court concluded that Pennsylvania's statute is substantially similar to the provisions of Article IV(a)(2). We agree with Common Pleas that the Virginia statute at issue is substantially similar in that it employs the language "under the influence of any ... self-administered intoxicant or drug of whatsoever nature ... **to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely.**" (Common Pleas opinion, pp. 3–4, quoting Va.Code § 18.2–266.) (Emphasis added.) It is beyond peradventure that the language of the Virginia statute, "impairs his ability to drive or operate any motor vehicle ... safely," is synonymous with the Compact language, "incapable of safely driving a motor vehicle." Therefore, a conviction for violating the Virginia statute will support a suspension of a licensee's operating privileges, under the Compact, in Pennsylvania.

While Licensee also relies on our prior decision in *Kline*, that, too, is misplaced.

4. Article IV of the Compact provides:
 (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of a conviction for:
 2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle[.]
 75 Pa.C.S. § 1581, art. IV.

5. Our review of a trial court's determination in a license suspension appeal is limited to a determination of whether the requisite findings of fact are supported by record evidence and whether the trial court committed legal

error or abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

6. Subsection (c) of Article IV provides a method for evaluating the statutes of participating jurisdictions reporting offenses under subsection (a)(2) as follows:
 If the laws of a party state do not provide for offenses or violations denominated or described in **precisely the words** employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a **substantially similar nature** and the laws of each party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.
 75 Pa.C.S. § 1581, article IV(c) (emphasis added).

In *Kline,* a licensee was convicted in Virginia of driving with a BAC of 0.08%. Although this Court concluded that driving with a 0.08% BAC could not serve as a basis for a license suspension in Pennsylvania because it was below the 0.10% threshold established by statute, *Kline* is inapposite because Kline was convicted prior to the enactment of the Act of December 21, 1998, P.L. 1126 (Act 151). That Act, inter alia, created Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586, which states:

> The fact that the offense reported to the department by a party state may require a **different degree of impairment** of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 **shall not be a basis** for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

75 Pa.C.S. § 1586 (emphasis added). Thus, Common Pleas properly determined that the Virginia statute was substantially similar and could support a reciprocal license suspension in Pennsylvania under the Compact.

■ Licensee next argues that Act 151, which in addition to establishing Section 1586, amended Section 1584, runs afoul of the United States Constitution and the Pennsylvania Constitution on due process grounds. However, Licensee does not explain how due process was diminished in this regard, other than to cite to *Commonwealth v. Harrington,* 47 Chester 42 (C.P.Pa.1999),[7] for the general proposition that the amendment is unconstitutional.

**7.** We note that the Supreme Court reversed the order of the Chester County Court of Common Pleas in *Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386 (2000), thereby rejecting the lower court's holding that amended Section 1584 violated Harrington's right to due process.

**8.** Section 1584 of the Vehicle Code, as amended, reads as follows:

Our Supreme Court, however, addressed these due process concerns in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), by stating:

> While it may have been preferable for PennDOT to certify at trial documents that cited the specific out-of-state statute under which appellees were originally convicted, PennDOT's failure to do so ... did not deprive appellees of their constitutional right to due process because **it did not deprive them of notice or a meaningful opportunity to be heard.** Appellees do not dispute that they were convicted of the out-of-state DUI offenses, nor do they assert that they lacked notice of the actual conviction that led to the suspension proceedings or that they were denied notice of the nature of the suspension proceeding itself. . . . *The due process clause does not create a right to be deliberately obtuse as to the nature of the proceeding. Appellees here knew exactly what was happening to them and why.*

*McCafferty,* 563 Pa. at ——, 758 A.2d at 1163 (emphasis added and footnote omitted).

■ Licensee also takes issue with the content of the Virginia report and asserts that it did not supply all of the information required under the Compact. Licensee's challenge in essence says that, because the report did not describe the violation, indicate whether a plea was entered or whether the conviction was the result of a forfeiture, or provide any "special findings," it did not meet the requirements of Article III. We disagree.[8] As the Supreme Court stated in *McCafferty:*

> The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. The omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the depart-

Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT **only when it is the state reporting the conduct,** not when it is the home state.... It does not prohibit PennDOT, as the licensing authority in the home state, from relying on the information contained in the report **even if the report lacks certain information specified in Article III.** Nor does anything in Article III render the [out-of-state] report of conviction inadmissible if defective....

*McCafferty,* 563 Pa. at ——, 758 A.2d at 1164–1165 (emphasis added and footnote omitted). In other words, when the Department receives a report from a party state that omits information mandated by Article III of the Compact, the Department is not excused from acting on that report, nor is it prevented from taking appropriate action against a licensee. The statute as amended was plainly intended by the General Assembly to prevent the Department from being hamstrung by an out-of-state report that does not fully comply with Article III of the Compact.

■ Finally, Licensee challenges Pennsylvania's authority to, as he contends, "nullify, revoke or amend the Driver's License Compact." (Licensee's Brief, p. 4.) Again, we disagree. As previously indicated, the provisions of Article III of the Compact are mandatory only when Pennsylvania is the state **reporting** a conviction. Article III and Section 1584 had no impact on Pennsylvania's obligation to report information to other Compact members. Therefore, we conclude that Section 1584 does not unilaterally improperly nullify or alter the notice provisions of the Compact.

Accordingly, we affirm the Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) upholding the suspension of Licensee's operating privilege.

ment from complying with its duties under Articles IV and V of the compact.

The decision in this case was reached before the expiration of the appointment of Senior Judge Lederer to the Commonwealth Court by the Supreme Court of Pennsylvania.

## *ORDER*

**NOW,** January 10, 2001, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) in the above-captioned matter is hereby affirmed.