John W. SIEKIERDA

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2002.
Decided May 22, 2002.

---

Michelle A. Fiovaranti and Timothy P. Wile, Assistant Counsel In–Charge, King of Prussia, for appellant.

Charles T. DeTulleo, West Chester, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of November 21, 2001 of the Court of Common Pleas of Chester County that upheld Appellee John Siekierda's statutory appeal and dismissed the one-year suspension of his driving privileges pursuant to Article IV(a)(2) of the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581.[1] DOT contends that the trial court erred in sustaining Siekierda's appeal on the ground that DOT failed to produce a record of conviction for driving under the influence from the out-of-state licensing authority pursuant to Article III of the Compact. The issue DOT raises is whether the Court should overrule its prior decisions requiring that DOT produce a conviction report from the licensing authority of a party state to meet its burden of proof in Compact license suspension cases.

I

On May 21, 1998, Siekierda was arrested in Indiana, a Compact state, and was charged with driving while intoxicated (DWI) in violation of Section 9–30–5–2 of the Indiana Code. On July 28, 1998, Siekierda was convicted of DWI in the Hancock Superior Court of Indiana and was sentenced to pay a fine of $1,000, costs totaling $125 and to serve a one-year term of probation. The Indiana court also suspended Siekierda's privilege to drive in Indiana for 30 days but granted him probationary driving privileges. In February 1999 DOT notified Siekierda that it had received notice of his Indiana conviction and that DOT would suspend his driving privileges for one year effective March 17, 1999 pursuant to Section 1532(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b), which authorizes a one-year suspension for conviction of driving under the influence of alcohol, *see* Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a), or a substantially similar offense reported to DOT under Article III of the Compact. *See also* Article IV(a) of the Compact. Siekierda thereafter filed his appeal.

A de novo hearing was held before the trial court at which time DOT, over the objection of Siekierda, entered into evidence its certified packet of documents containing a copy of a certification of an Indiana abstract of court record, an order of conditional probation and an order requesting that the commissioner of the Indiana Bureau of Motor Vehicles grant conditional driving privileges to Siekierda. Exhibit 1. The court sustained Siekierda's appeal on the basis of *PennDOT v. Harrington,* 42 Pa. D. & C.4th 153 (1999), *rev'd,* 563 Pa. 565, 763 A.2d 386 (2000). DOT appealed to this Court, and thereafter it filed an application to transfer the appeal to the Pennsylvania Supreme Court, which was granted in May 2000.

The Supreme Court reversed the trial court's decision and remanded the matter for disposition of the other issues raised by Siekierda. *See Siekierda v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 521, 762 A.2d 1085 (2000). On remand the trial court held a hearing in February 2001 and admitted into evidence DOT's certified packet of documents from Indiana signed under seal of the director of DOT's Bureau of Driver Licensing. After considering

---

1. Article IV(a)(2) of the Compact provides that DOT shall give the same effect to conduct reported under Article III as DOT would if the conduct had occurred in Pennsylvania in the case of conviction for driving while under the influence of intoxicating liquor to a degree rendering the driver incapable of safely driving a motor vehicle.

DOT's exhibit, the briefs filed on remand and the briefs and exhibits filed and/or admitted in the original statutory appeal proceedings, the court sustained Siekierda's appeal. The court held that the report of Siekierda's Indiana DWI conviction did not comply with the requirements of Article III of the Compact because the conviction report is itself a court abstract and did not originate from the Indiana licensing authority as required.[2] The court cited *Boots v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 64 (Pa.Cmwlth.), *appeal denied,* 564 Pa. 722, 766 A.2d 1242 (1999), as controlling.

## II

■ DOT filed its appeal to this Court contending that its decisions in *Boots* and in *Tripson v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 195 (Pa.Cmwlth.2001), *appeal denied,* —— Pa. ——, 796 A.2d 320 (2002), should be overruled pursuant to the Supreme Court's decisions in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), and *Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386 (2000). DOT maintains that this Court's decisions restrict its efforts to fully enforce the Commonwealth's drunk driving statutes.

■ DOT argues that the notice it received from the Indiana court is sufficient to satisfy the requirements of Article III of the Compact. Article III provides in pertinent part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state

occurring within its jurisdiction to the licensing authority of the home state of the licensee." The burden of proof in license suspension cases under the Compact is on DOT. *Scott v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 790 A.2d 291 (2002). DOT must produce a record of the licensee's conviction of a substantially similar DUI offense in another state upon which DOT may impose a reciprocal license suspension under Article IV(a). *Id.; Tripson; Boots.* More particularly, the Court held in *Tripson* that it was a part of DOT's burden in Compact cases to offer proof that the licensing authority of the convicting state transmitted to DOT a report of the licensee's conviction. In Siekierda's case, the conviction report came in the form of a court abstract, but it was not transmitted from the Indiana Bureau of Motor Vehicles, the licensing authority. *See Boots.*

DOT does not contend that Siekierda's conviction report came from the Indiana licensing authority, but instead it merely repeats the argument that conviction reports may come from other sources. In *Boots* the Court held that the records pertaining to a driver's conviction in Indiana for DWI were not admissible because there was no evidence that the documents were received from Indiana's licensing authority. The Court concluded that "the words 'the licensing authority of a party state shall report' evidences a legislative intent to require that the licensing authority be the reporting body." *Id.,* 736 A.2d at 66.

■ Moreover, the *Harrington* and *McCafferty* rulings do not support the argument that conviction reports do not have

---

**2.** This Court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or an abuse of discretion in reaching its decision.

*Kline v. Department of Transportation, Bureau of Driver Licensing,* 725 A.2d 860 (Pa. Cmwlth.), *appeal denied,* 560 Pa. 712, 743 A.2d 924 (1999).

to come from the licensing authority of the reporting state. Those cases held that the technical informational reporting requirements of Article III of the Compact are mandatory for a party state when it reports a conviction within its jurisdiction, but Article III does not preclude DOT as the licensing authority of the home state from relying upon a deficient conviction report which lacks all of the information required by the Compact. In short, full compliance with technical reporting requirements of Article III is not mandated before DOT may act to impose a reciprocal license suspension. The Supreme Court has not held, however, that the conviction report upon which DOT relies to impose a reciprocal suspension does not have to come from the licensing authority of the reporting state. The conviction reports in *Harrington* and *McCafferty* were in fact forwarded to DOT by the proper licensing authority.

█ It is significant to note that the Supreme Court denied DOT's appeals of the decisions in *Boots* and *Tripson*: *Boots* was decided before *Harrington* and *McCafferty* and *Tripson* was decided after those decisions.[3] Despite DOT's efforts to overturn *Boots* and *Tripson,* those decisions remain the controlling and settled precedent in this matter, and they establish that the requirement that conviction reports be transmitted to DOT from the licensing authority of a party state is more than a mere technicality. Rather it is a substantive and fundamental requirement of the Compact inasmuch as the licensing authority's conviction report provides the very foundation for DOT's reciprocal suspension. *See McCafferty* (Cappy, J., concurring). As *Boots* and *Tripson* do not conflict with *Harrington* or *McCafferty*, the Court discerns absolutely no basis for it to overturn *Boots* or *Tripson.*

DOT makes one additional argument. It argues that the Court must consider the unambiguous terms of the Driver's License Compact Administrative Procedures Manual of 1990, U.S. Department of Transportation, National Highway Traffic Safety Administration, DOT Exhibit B, which permit party states to use a court abstract as a report of conviction, and that the process followed in Siekierda's case complied with the Procedures Manual. Although the Court agrees that *Harrington* and *McCafferty* essentially support the view that the form in which the information is compiled and transmitted to DOT is not dispositive, the Procedures Manual expressly provides that only the appropriate licensing authority shall transmit driver information under the Compact to another party state. Procedures Manual, Article

---

**3.** Rule 1114 of the Pennsylvania Rules of Appellate Procedure explains the considerations that govern the Supreme Court's decision to grant allowance of appeal. The rule provides:

> Except as prescribed in Rule 1101 ... review of a final order of the Superior Court or the Commonwealth Court is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefore.
>
> *Note:* The following, while neither controlling nor fully measuring the discretion of the Supreme Court, indicate the character of the reasons which will be considered:

> (1) Where the appellate court below has decided a question of substance not theretofore determined by the Supreme Court, or has decided it in a way probably not in accord with applicable decisions of the Supreme Court of Pennsylvania or the Supreme Court of the United States.
>
> (2) Where an appellate court has rendered a decision in conflict with the decision of the other appellate court below on the same question, or has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an administrative agency or lower court, as to call for an exercise of the power of supervision of the Supreme Court.

VII. The Procedures Manual also provides that the head of each party state's licensing authority shall furnish to the administrator of each other party state any information or documents reasonably necessary to facilitate the administration of the Compact.[4] *Id.*; *accord* Article VII of the Compact. In addition, the Procedures Manual does not exempt any licensing authorities, whether reporting or receiving information, from the above requirement when they transmit conviction reports electronically as opposed to manually.

 Finally, DOT contends that it was "more likely than not" that the Indiana Bureau of Motor Vehicles forwarded the copy of Siekierda's conviction report to DOT, but it offered no proof before the trial court to support this contention. The Court is not unmindful of DOT's statutory responsibility and the purposes behind the reciprocal license suspension statutes of protecting the citizens of this Commonwealth and of sister states from the dangers created by intoxicated drivers on the roadways. *McCafferty.* However, the Court may not, in its zeal to enforce the legislative purposes behind the Compact, disregard the well-established rule of law that DOT must first satisfy its burden in driver's license suspension proceedings in accordance with applicable law before it may suspend a license. Because DOT failed to meet its burden to produce a conviction report from a licensing authority under Article III, the Court affirms the order of the trial court.

### ORDER

AND NOW, this 22nd day of May, 2002, the order of the Court of Common Pleas of Chester County is hereby affirmed. The Court denies the request of John W. Siekierda for an attorney's fee award against the Department of Transportation.

---

4. According to the Procedures Manual, Article IX, 2.4.1, 2.4.3 and 2.4.4.1, conviction reports may be transmitted from the licensing authority in various forms, which identify, among other things, the person convicted, the violation committed and whether the conviction was by way of plea or the result of forfeiture of bail or other security. Although referring to relevant portions of the Procedures Manual, the Court does not rule that it has the force of law.