Randy W. BOOTS

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 22, 1999.

Decided Aug. 5, 1999.

Bryan S. Neiderhiser, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Pittsburgh, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the statutory appeal of Randy Boots (Boots). We affirm.

The facts of this case as gathered from the record are as follows.[1] On April 19, 1997, Boots was arrested for driving while intoxicated in the state of Indiana. He was charged with violating Indiana Code § 9–30–5–2.[2] Subsequently, on September 25, 1997, Boots was convicted in the state of Indiana. The Department received from Indiana an "Information and Summons" (Reproduced Record (R.R.) at 38a) and on the reverse of the Information and Summons an "Abstract of Court Record" (R.R. at 39a) and an "Order of Conditional Probation." (R.R. at 40a.) Following its receipt of these documents, the Department sent an official notice to Boots, indicating that it was treating Boots' Indiana conviction for driving while intoxicated as if Boots had been convicted under Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731.[3] The statutory authority permitting the Department to do so is found in the Driver's License Compact (Compact), 75 Pa.C.S. §§ 1581—1585. The Department's official notice indicated that it was suspending Boots' license pursuant to "Section 1532B [sic] of the Vehicle Code," 75 Pa.C.S. § 1532(b).

Boots filed a statutory appeal to the Court of Common Pleas. At the de novo hearing on the statutory appeal, the Department sought to introduce the records which Indiana had sent to the Department. Boots objected to the admission of those documents on the grounds, *inter alia*, that they did not comply with the requirements of 75 Pa.C.S. § 1581 Art. III which provides in relevant part that the "**licensing authority** of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." (Emphasis added.) Boots essentially argued to the trial court that there was no evidence that these documents which the Department sought to admit were sent by the licensing authority of the state of Indiana which is the bureau of motor vehicles and therefore the Compact was not complied with. The trial court apparently accepted Boots' argument and on July 1, 1998 issued the following order which sustained the appeal and provided in relevant part that

[t]his case came before the Court under the Interstate Compact Agreement.

75 Pa.C.S. § 1581, Article III specifically states:

"it is the licensing authority of a party state that shall report each conviction of a person from a party state."

In order to avoid complications and misunderstandings it is necessary that Article III be strictly adhered to so that uniformity in reporting to party states will be established.

Any documents from a party state that are not from its "licensing authority" should not be accepted into evidence.

Our decision in the instant case is based upon the failure of the Commonwealth to provide a document from the Licensing Authority of the State of Indiana in accordance with 75 Pa.C.S. § 581, Article III.

R.R. at 28a. The Department filed this timely appeal to this court.

---

1. The trial court did not issue a formal opinion with findings of fact and conclusions of law. Instead the trial court simply issued an order briefly explaining its rationale.

2. Section 9–30–5–2 of the Indiana Code provides that "[a] person which operates a vehi-

cle while intoxicated commits a Class A misdemeanor."

3. That section prohibits licensees from driving or operating a motor vehicle while, *inter alia,* under the influence of alcohol.

■ Appellate review over an order of the trial court in a license suspension case is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or whether the court abused its discretion. *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth.1998).

■ The sole issue which the Department raises is a question of law: whether the trial court committed an error of law in finding that the documents which the Department sought to admit were inadmissible since, according to the Department, they were in full compliance with 75 Pa. C.S. § 1550(d)(1), as well as the mandates of the Compact? [4]

■ The Department initially argues that the documents were admissible pursuant to 75 Pa.C.S. § 1550(d)(1) which provides in relevant part that "[i]n any proceeding under this section [granting a person whose license has been suspended a right of appeal to a court] documents received by the department from the courts or administrative bodies of other states or the federal government shall be admissible into evidence to support the department's case." We agree that § 1550(d)(1) states the general rule that such documents are admissible in statutory appeals. Section 1550(d)(1) provides that documents sent from any courts or administrative agencies of another state or federal government are admissible. However, 75 Pa.C.S. § 1581, Article III specifies from which agency documents must be sent in proceedings initiated under the Interstate Compact: "the **licensing authority** of a party state **shall** report each conviction of a person from another party state...."(emphasis added). Thus, the more specific provision of 75 Pa.C.S. § 1581, which addresses proceedings initiated under the Compact as is the case here, controls over the more gen-

eral provision of 75 Pa.C.S. § 1550(d)(1). *See* 1 Pa.C.S. § 1933 ("the special provision shall prevail and shall be construed as an exception to the general provision.").

This disposition comports with our recent interpretation of 75 Pa.C.S. § 1581 Article III in *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23 (Pa.Cmwlth.1998) wherein we construed the word "shall" in Article III as being mandatory. In *Mazurek,* we held that the word "shall" evidences a legislative intent that requires the report sent by the licensing authority to contain certain information and if that report lacks such information, it is incompetent to support the Department's suspension of a license. Here, we likewise hold that the words "the licensing authority of a party state shall report" evidences a legislative intent to require that the licensing authority be the reporting body.

■ In this case it is clear that the "licensing authority" of the state of Indiana is the bureau of motor vehicles. Indiana Code § 9–28–1–2 ("[a]s used in this chapter, with reference to Indiana, 'licensing authority' means the bureau [of motor vehicles]."). The trial court concluded as a matter of law that the licensing authority of the state of Indiana had to supply the report to the Department. Given its ultimate disposition of the statutory appeal, it is apparent that the trial court found that the Department failed to sustain its burden of showing that the documents upon which it sought to base Boots' suspension were received from the Indiana licensing authority.

We note that this requirement is not onerous in that the Department can always request the necessary information be sent from the licensing authority of party states. Namely, 75 Pa.C.S. § 1581 Article VII provides that

---

4. Since this appeal presents a pure question of law, this court's standard of review is plenary, that is to say, we owe no deference to the trial court's legal conclusions. *Depart-* *ment of Transportation, Bureau of Driver Licensing v. Clayton,* 546 Pa. 342, 684 A.2d 1060 (1996).

(a) The head of the licensing authority of each party state shall be the administrator of this compact for his state. The administrators, acting jointly, shall have the power to formulate all necessary and proper procedures for the exchange of information under this compact.

(b) The administrator of each party state shall furnish to the administrator of each other party state any information or documents reasonably necessary to facilitate the administration of this compact.

We note that the Pennsylvania legislature has designated the Department as the "licensing authority" of the Commonwealth within meaning of the Compact. 75 Pa. C.S. § 1583. We further note that the Indiana legislature has provided that "[t]he bureau shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles 3, 4, and 5 of the compact." Indiana Code § 9–28–1–2.

As it is the burden of the Department to comply with the legislature's mandates set forth in the Compact and the trial court determined that the Department failed to do so, the order of the trial court is affirmed.[5]

### ORDER

NOW, August 5, 1999, the order of the Court of Common Pleas of Allegheny County, Civil Division, docketed at No. S.A. 0189 of 1998 and dated July 1, 1998, is hereby affirmed.

Senior Judge NARICK dissents.

---

**5.** Boots, in his brief to this court, requested an award of counsel fees, pursuant to Pa. R.A.P. 2744. We find no basis for the award of counsel fees in this matter and therefore deny the request.