**Frank TRIPSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 29, 2000.

Decided March 21, 2001.

Reconsideration En Banc Denied May 25, 2001.

Carol L. Rosen, Pittsburgh, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before SMITH, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

SMITH, Judge.

Frank Tripson (Tripson) appeals from the March 23, 2000 order of the Court of Common Pleas of Allegheny County that dismissed his appeal of a one-year suspension of his driving privileges by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Article IV(a)(2) of the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581. Tripson contends that the trial court erred in admitting into evidence a West Virginia criminal case history and abstract of judgment in violation of Article III of the Compact, that the record lacked substantial evidence to support the trial court's finding that Tripson had been convicted in West Virginia of a "substantially" similar offense pursuant to Article IV(a)(2), and that Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584, does not permit the Department to deviate from the requirements of Articles III and IV of the Compact.

■ By letter dated December 14, 1999, the Department notified Tripson that it had received notice from West Virginia of his conviction on October 1, 1999 for the June 12, 1999 offense of violating W. Va. Code § 17C–5–2, driving under the influence, and that the Department would suspend his driving privileges for a period of one year as mandated by Section 1532(b) of the Vehicle Code, *as amended,* 75 Pa. C.S. § 1532(b). The trial court admitted into evidence, over objection, a number of documents signed and sealed by the Secretary of Transportation and by the Director of the Bureau of Driver Licensing. Those documents included the abstract of judgment and the criminal case history of the West Virginia violation. No testimony was presented. The trial court dismissed the appeal.[1]

1. Appellate review of the trial court's order is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Xenakis v. Department of Trans-*

Tripson first argues that the trial judge erred in admitting into evidence the criminal case history and the abstract of judgment in violation of Article III of the Compact. Article III requires that *"[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee."* (Emphasis added.) Tripson contends that the certification of the Secretary and the Bureau Director is insufficient for two reasons: Section 1550(d)(1) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1550(d)(1), does not permit the Department to certify the identity of the administrative body of the other state from which the Department received the records, and the Department's certification does not identify or misidentifies the administrative body from which it received the documents.

The Department, citing *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993), acknowledges that it has the burden of establishing that the licensee was actually convicted of the purported violation, but it argues that it has satisfied its burden by introducing documents properly certified by the Secretary and the Bureau Director. The Department asserts that these certifications complied with the requirements of Sections 6109 and 6103 of the Judicial Code, 42 Pa.C.S. §§ 6109 and 6103, and Section 1516(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1516(b).[2] The Department argues that because the West Virginia case history and abstract of judgment were forwarded to it in accordance with Article III of the Compact,[3] they became records of the Department and were properly admitted by the trial court.

■■■ Despite arguments to the contrary, reports of convictions submitted to the Department pursuant to the Compact must be received from the proper licensing authority of the reporting state. The Department may not certify that the documents are reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction. Therefore, the Department's argument that the documents it offered were properly admitted as Department records pursuant to 75 Pa.C.S. § 1516(b) is without merit if the Department cannot demonstrate that the documents were received from the licensing authority of West Virginia.

■■■ Tripson contends that the Department has failed to meet its burden of demonstrating that the documents were received from the licensing authority of the party state, citing *Boots v. Department*

*portation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa.Cmwlth.1997).

2. Section 6109 of the Judicial Code, relating to photographic copies of business and public records, provides for an exception to the hearsay rule by permitting admission into evidence certain reproductions of records in lieu of originals. Section 6103, relating to proof of official records, provides in part that an official record kept within the Commonwealth by any government unit, when admissible for any purpose, may be evidenced by a copy attested by the officer having the legal custody of the record and accompanied by a certifi-

cate that the officer has custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office. Under 75 Pa.C.S. § 1516(b), court abstracts and certifications of convictions and accident reports submitted to the Department under laws of the Commonwealth shall be considered Department records and may be stored and/or entered into evidence pursuant to Sections 6103 and 6109.

3. *See* W. Va.Code § 17B-1A-1; 75 Pa.C.S. § 1581.

of Transportation, 736 A.2d 64 (Pa. Cmwlth.1999). In *Boots* this Court held that records pertaining to a motorist's conviction in Indiana for driving while intoxicated were not admissible because there was no evidence that the documents were received from Indiana's licensing authority. The Court stated that "the words 'the licensing authority of a party state shall report' evidences a legislative intent to require that the licensing authority be the reporting body" and that the requirement of the Department to show that the documents upon which it sought to base Boots' suspension were received from the proper authority was "not onerous in that the Department can always request the necessary information be sent from the licensing authority of party states." *Id.* at 66. The Department argues that *Boots* is inapposite because here, unlike in *Boots,* the Bureau Director certified the documents as having been received from the West Virginia licensing authority.

The Department contends that certification by a public official is entitled to great weight and is prima facie proof that creates a rebuttable presumption that the facts and information contained in the documents are correct. *Mateskovich v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 100 (Pa. Cmwlth.2000). The burden then shifts to the licensee to present evidence to rebut the presumption. However, there is no evidence in the record to demonstrate that the documents proffered by the Department and admitted by the trial court were received from West Virginia's Department of Motor Vehicles, which is the licensing authority for West Virginia for purposes of the Compact. *See* W. Va.Code § 17B–1–A–2. A review of the documents demon-

strates just the opposite. Both the abstract of judgment and the criminal case indicate that they came from a district magistrate's office. Thus the Department's certification on its face does not create the rebuttable presumption of correctness that it claims Tripson must overcome.

In two recent opinions[4] the Pennsylvania Supreme Court has held that the requirements of Article III of the Compact are mandatory for a party state reporting a conviction within its jurisdiction, but they do not prohibit the home state's licensing authority from relying upon information contained in the report even if the report lacks certain information required under Article III. The issue in the case sub judice is different, however, and is not whether the technical reporting requirements were met under Article III or whether the documents provided sufficient information. Rather the critical issue is whether the documents themselves may be relied upon as the basis for the reciprocal suspension. Tripson argues that this is more than a mere technical requirement, and the Court agrees. The Compact requires that the documents upon which the Department relies to impose a reciprocal suspension come from the proper licensing authority.

Article III of the Compact provides that the licensing authority of the reporting state is to provide reports of convictions to the home state's licensing authority. Article VII provides that the head of the licensing authority of a party state shall be the administrator of the Compact for that state and shall furnish information to the administrator of each party state. This process provides for the orderly exchange of final documents. The Court agrees with Tripson that the trial court erred in

---

4. *Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386 (2000); *Department of Transporta-* *tion v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

admitting into evidence the abstract of judgment and the criminal history because the Department did not meet its burden to demonstrate that the documents were received from the licensing authority of West Virginia. Because of the disposition reached, the Court need not address Tripson's remaining arguments. Accordingly, the Court reverses the order of the trial court.

### ORDER

AND NOW, this 21st day of March, 2001, the order of the Court of Common Pleas of Allegheny County is hereby reversed.