Andrew SNYDER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 2002.

Decided Oct. 4, 2002.

Craig A. Sopin, Philadelphia, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR Judge KELLEY.

Andrew Snyder appeals from an order of the Court of Common Pleas of Chester County (trial court) dismissing his appeal and reinstating the one-year suspension of his operating privilege imposed by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT). We reverse.

On April 10, 2000, Snyder was arrested in New Hanover County, North Carolina and charged with driving while impaired (DWI). On October 16, 2000, Snyder pled guilty to DWI and was fined $100 plus costs. A notice of Snyder's conviction was sent to Pennsylvania. On December 22, 2000, DOT notified Snyder that his operating privilege was being suspended for one year pursuant to Section 3731 of the Vehicle Code (relating to driving under the influence of alcohol)[1] and Section 1581 of the Pennsylvania Driver License Compact (Compact).[2]

Snyder appealed his suspension and the trial court conducted a *de novo* hearing at which DOT entered into evidence a packet of documents to establish the North Carolina conviction. Among those documents was the District Court Division of the County of New Hanover's conviction report setting forth the details of Snyder's conviction. This document does not state on its face that it came from the licensing authority of North Carolina. The packet of documents entered into evidence by DOT contains the following certification by DOT's custodian of records: "Record of Conviction Detail, Out of State Driver Violations Report received from the licensing authority of the State of NORTH CAROLINA."

DOT also presented the testimony of Brenda Collins. Ms. Collins testified that she currently manages the area of DOT's court services, which is the area of DOT that processes all incoming suspensions from Commonwealth violations and out of state violations. Ms. Collins testified that notices of out of state violations, including those from North Carolina, come in an envelope with a return address from the department of transportation of that state. Ms. Collins testified further that she did not remember the record of Snyder's conviction coming in and that a clerk in her office would have opened the envelope containing the document. Ms. Collins testified that she recognized the format of the

---

1. 75 Pa.C.S. § 3731.

2. 75 Pa.C.S. § 1581. Pursuant to Section 1581 of the Compact, DOT is required to treat out of state convictions from party states as though they had occurred in Pennsylvania. North Carolina is a party state. Pennsylvania became a party state in 1996. Section 1581 further provides that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee."

document. Ms. Collins also acknowledged that the document does not indicate that the licensing authority of North Carolina forwarded the document, that the document had been forwarded from the district court of New Hanover County, and that she would take that to mean that it was prepared by the district court. Ms. Collins testified further that the envelope that the document arrived in had been thrown in the trash, that since 1995 there has never been anything mailed to DOT directly from the court in North Carolina, and that every mailing has come from the North Carolina licensing authority.

 The trial court found that the evidence presented was sufficient to meet the requirements of the Compact. The trial court stated that the report of conviction from North Carolina contains a certification by DOT's custodian of records that it is a true and correct photocopy of the record of conviction detail, out of state driver violations report received from the licensing authority of the State of North Carolina. The trial court found further that Ms. Collins testified that the conviction detail was received from the licensing authority of North Carolina. Accordingly, the trial court rejected Snyder's argument that DOT failed to prove that the document establishing a conviction in North Carolina originated from the licensing authority of that state. Therefore, the trial court dismissed Snyder's appeal. This appeal followed.[3]

Herein, Snyder raises the sole issue of whether DOT established that the licensing authority of North Carolina sent the certification of conviction. In support of this issue, Snyder argues that the trial court's reliance on the certification by DOT's custodian of records and Ms. Collins' testimony is misplaced. Snyder argues that Ms. Collins merely testified as to what was supposed to happen and that she could not testify as to what actually happened in this case.

In response, DOT contends that Ms. Collins' credible testimony permitted the trial court to find that the conviction report had been mailed to DOT by the licensing authority of North Carolina and not the district court of New Hanover County. DOT contends that this extrinsic evidence is sufficient to corroborate the certification by its custodian of records to establish that a conviction report that consists of a court abstract or citation was in fact sent to DOT from the convicting state's licensing authority.

 In an appeal to a trial court from a suspension of a licensee's operating privilege for an out of state conviction pursuant to the Compact, DOT has the burden of proving that the documents it received to support the suspension were received from the licensing authority of the reporting state. *Boots v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 64 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 564 Pa. 722, 766 A.2d 1242 (1999). As previously noted herein, the Compact requires that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its

---

3. Our scope of review in an operating privilege suspension case is confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v.* *Ingram*, 538 Pa. 236, 648 A.2d 285 (1994). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve. *Id.* If there is sufficient evidence in the record to support the findings of the trial court we must pay proper deference to it as fact finder and affirm. *Id.*

jurisdiction to the licensing authority of the home state of the licensee." 75 Pa. C.S. § 1581.

In *Tripson v. Department of Transportation, Bureau of Driver Licensing*, 773 A.2d 195, 197 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 690, 796 A.2d 320 (2002), this Court stated that "[d]espite argument to the contrary, reports of convictions submitted to the Department pursuant to the Compact must be received from the proper licensing authority of the reporting state. The Department may not certify that the document are reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." More recently, this Court in its *en banc* decision in *Gallant v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 1 (Pa.Cmwlth.2002), stated as follows:

> Just because [DOT] certifies that a document comes from a licensing authority, even though there is no such indication on the document itself, that certification is insufficient to support that the document is what it is purported to be without the proper certification from the sending state. Without the proper certification, the entire document is in question, not just its contents. Moreover, by allowing [DOT] to admit a document into evidence that does not meet the requirements under the Compact and giving it the presumption that it meets the requirements is to give it an unfair advantage over the licensee who must then prove that document is not what it purports to be.

*Gallant*, 805 A.2d at 5 (footnote omitted). In the accompanying footnote, this Court noted that "because different states have various methods of reporting convictions, it is even more of a necessity that [DOT] carefully ensure that each document it receives is from the licensing authority as required under the Act and not from an unknown entity."

■ Accordingly, based on this Court's reasoning in *Tripson* and *Gallant*, we reject DOT's contention in this case that Ms. Collins' testimony, along with the certification by its custodian of records, was sufficient to establish that the report of Snyder's out of state conviction was sent to DOT by the appropriate licensing authority of North Carolina. There is no certification on the report of conviction itself denoting that it was sent by the licensing authority of North Carolina and pursuant to *Gallant*, in such a situation, a certification by DOT's records custodian is insufficient to establish that the document came from the appropriate licensing authority as required by the Compact. Moreover, Ms. Collins' could not testify as to what actually happened in the present case. As pointed out by Snyder, she could only testify as to what was supposed to happen. Furthermore, DOT's reliance on Ms. Collins' testimony that all reports of out of state convictions are received in envelopes with return addresses from the appropriate licensing authority is nothing more that an attempt to elevate the information contained on the envelope over what is clearly not contained on the report of the conviction—a certification or indication that it was sent by the reporting jurisdiction.[4] We hold that this is insufficient to establish that the requirements of the Compact have been satisfied.

Accordingly, the trial court's order is reversed.

---

4. As stated previously herein, Ms. Collins testified that the envelope that the document would have been received in by the DOT was thrown in the trash.

## ORDER

AND NOW, this 4th day of October, 2002, the order of the Court of Common Pleas of Chester County at No. 01–07819, entered on January 18, 2002, is reversed.