**Frances FERRAGUTI, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 2003.
Decided April 22, 2003.
Reargument Denied June 24, 2003.

Craig A. Sopin, Philadelphia, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before SMITH–RIBNER, J., LEAVITT, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

Frances Ferraguti (Licensee) appeals from an order of the Court of Common Pleas of Montgomery County (trial court),

which dismissed her statutory appeal from a one-year suspension of her operating privileges by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Article IV(a)(2) of the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581.[1] We affirm the trial court.

Licensee was arrested in the State of New Jersey on October 13, 1999 and charged with driving while intoxicated (DWI) in violation of N.J. Stat. § 39:4–50(a).[2] On February 22, 2000, Licensee was convicted, and the New Jersey Division of Motor Vehicles, by electronic transmission, reported her conviction to the Department. On August 21, 2000, the Department notified Licensee that, as mandated by 75 Pa.C.S. § 1581, it was treating her New Jersey DWI conviction as if it were a conviction for violating 75 Pa.C.S. § 3731(a) and, as required by 75 Pa.C.S. § 1532(b)(3), the Department was suspending her operating privileges for one year. Ferraguti filed a timely notice of appeal on September 20, 2000 with the trial court.

On June 17, 2002, the trial court conducted a de novo hearing at which time the Department offered into evidence, over Licensee's objection, documents that had been duly-certified under seal, pursuant to 42 Pa.C.S. §§ 6103 and 6109 (relating to proof of official records), by both the Secretary of Transportation and the Director of the Bureau of Driver Licensing. Licensee's counsel objected to the New Jersey conviction report because the top of the report was cut off, including the line that indicated the state that issued the report. He argued that the report was inadequate to satisfy the Department's burden of showing that the report originated from the convicting state's licensing authority, as required by this Court's decision in *Tripson v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 195 (Pa.Cmwlth.2001), *appeal denied,* 568 Pa. 690, 796 A.2d 320 (2002).[3] The trial court overruled the objection and admitted the documents into evidence.

The trial court found in favor of the Department. Its opinion addressed Licensee's objection as follows:

the conviction report contained all the information required under Article III of the Compact. Even though the top of

---

1. In relevant part it provides,

   (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

   * * *

   (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

   Article IV(a)(2) of the Compact, 75 Pa.C.S. § 1581.

2. The New Jersey DWI statute is violated when an individual:

operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in [his or her] blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in [his or her] blood.

N.J. Stat. § 39:4–50(a).

3. The Department indicates in its brief that the top line of the report was cut off when copied for storage. Department Brief, p. 9.

the copy of the report was cut off, and "New Jersey" was not shown, the report still evidenced that it was from New Jersey because of the statute citations and the conviction locator reference numbers. The report also indicated that it was from the proper licensing authority because the top of the form indicated that it was from the 'Division of Motor Vehicles.'

Trial Court Opinion at 2, Reproduced Record 3a (R.R. ——). Accordingly, the trial court denied Licensee's appeal,[4] and Licensee appealed to this Court.

On appeal, the sole issue raised by Licensee is whether the Department established that the conviction report was received from the licensing authority of New Jersey. Relying on our decisions in *Tripson, Boots v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 64 (Pa.Cmwlth.1999) and *Snyder v. Department of Transportation, Bureau of Driver Licensing*, 808 A.2d 318 (Pa. Cmwlth.2002), Licensee contends that the Department failed to establish that the conviction report introduced as evidence had been received from the licensing authority of New Jersey.

In *Boots*, this Court held that records pertaining to a motorist's conviction in Indiana for driving while intoxicated were not admissible because there was no evidence that the documents[5] were received from Indiana's licensing authority. *Boots*, 736 A.2d at 66. Relying on the Compact's express language[6] we affirmed the trial court's exclusion of the documents, holding that "the words 'the licensing authority of a party state shall report' evidences a legislative intent to require that the licensing authority be the reporting body." *Id.*

In *Tripson*, the Department attempted to offer into evidence a West Virginia abstract of judgment and criminal case history of a conviction. The abstract indicated that it came from a district magistrate's office and not the state's licensing authority. On appeal, this Court held the abstract to be inadequate to satisfy Article III of the Compact, reasoning as follows:

> The Department may not certify that the documents are reports of conviction from other jurisdictions' licensing authorities if the documents themselves contain *no such certification* from the reporting jurisdiction.

*Tripson*, 773 A.2d at 197 (emphasis added). Because the West Virginia documents

---

**4.** As a result of the consolidated nature of the *de novo* hearing, it is difficult to ascertain which documents were objected to and which were not. Neither trial counsel indicated precisely the case they were discussing when moving from one case to the next. Since it is impossible to determine which objections were made to the reports in which case, we will give Ferraguti the benefit of the doubt and assume that one of the objections made to the New Jersey conviction reports was to the report offered by the Department in Ferraguti's case.

**5.** The Department attempted to introduce an "Information and Summons", which contained on the reverse, an "Abstract of Court Record" and an "Order of Conditional Probation." *Boots*, 736 A.2d at 65.

**6.** Article III of the Compact provides,

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581.

were not from the state's licensing authority, we reversed the Department's suspension of Tripson's driving privilege.[7]

The Department argues this matter is more consistent with the Court's decision in *Bergen v. Department of Transportation, Bureau of Driver Licensing*, 785 A.2d 157 (Pa.Cmwlth.2001). In *Bergen*, this Court rejected a *Tripson* challenge to an electronically transmitted conviction report for the reason that it had not been certified by the state generating the transmission. We held that certification from the issuing state was not required, indeed, such certification would defeat the value of using electronic reports as evidence as is expressly authorized by statute.

Here, we consider a report that contains the information required in *Boots, Tripson* and *Snyder*.[8] The top of the report introduced by the Department bears the legend, "Division of Motor Vehicles, Out of State Driver Violations Report,"[9] and it refers to Licensee by name, date of birth, foreign license number, violation and conviction dates. R.R. 3a. Further, the report identifies that the out-of-state licensing authority is New Jersey; it does so with the following language: *"New Jersey Statute—39:004–050A,"* an *"NJ Driver History* Key" and "Conviction Locator Ref.—*NJ* 002896 NN" (emphasis added). *Id.*

The trial court held that the face of the conviction report, with its numerous references to New Jersey statutes and conviction locater numbers in addition to the heading, "Division of Motor Vehicles," established that the report was from the New Jersey Division of Motor Vehicles. As has been observed by this Court, neither the trial judge nor the members of this Court are required to leave their common sense at home when hearing or reviewing evidence in a case. *See Carlin v. Department of Transportation, Bureau of Driver Licensing*, 739 A.2d 656, 659 (Pa. Cmwlth.1999), *appeal denied*, 563 Pa. 678, 759 A.2d 924 (2000); *McQuaide v. Department of Transportation, Bureau of Driver Licensing*, 166 Pa.Cmwlth. 683, 647 A.2d 299, 302 (1994). We find no error in the trial court's decision to admit a document, albeit imperfectly photocopied, that showed in one place that it was issued by the licensing authority and in another place identified the licensing authority as

7. Similarly, in *Snyder*, the Department attempted to enter into evidence a packet of documents, which included the District Court Division of the County of New Hanover's conviction report setting forth the details of Snyder's conviction. The documents did not state on their face that it came from the Licensing Authority of North Carolina, but nonetheless was certified by the Department custodian of records as "Record of Conviction Detail, Out of State Driver Violations Report received from the Licensing Authority of the State of NORTH CAROLINA." *Snyder*, 808 A.2d at 319. This Court reversed the trial court's acceptance of these documents, along with accompanying custodial testimony because there was no certification on the report of conviction itself denoting that it was sent by the licensing authority of North Carolina. *Id.* at 321.

8. *See also, Gallant v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 1 (Pa.Cmwlth.2002). In that case, the Department attempted to introduce a packet of documents submitted electronically, which on their face did not state that they came from the licensing authority of Illinois, the Secretary of the State, but rather from the court of Cook County. Accordingly, the document presented by the Department did not anywhere indicate that it was from the licensing authority of the State of Illinois.

9. It also appears from the record that the trial court had a copy of the report with the name of the state on it. In raising the issue before the trial court, counsel for Licensee stated, "Your Honor, your copy does have the state on top of it. The PennDot copy does not." R.R. 6a.

from the State of New Jersey. The trial court's decision is consistent with this Court's precedent in *Bergen* and, for that matter, *Boots, Tripson* and *Snyder*.

Accordingly, the decision and order of the trial court are affirmed.

### ORDER

AND NOW, this 22nd day of April, 2003, the order of the Court of Common Pleas of Montgomery County, dated October 9, 2002, in the above-captioned matter is hereby affirmed.