Edward L. McCORD

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 11, 2003.

Decided Nov. 3, 2003.

Terrence M. Edwards and Timothy P. Wile, Asst. Counsel, In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), which sustained the statutory appeal of Edward L. McCord (Licensee) from the one-year suspension of his driver's license, imposed by DOT pursuant to Article IV(a)(2) of the Driver's License Compact (Compact).

DOT received notification, in the form of a court abstract, of Licensee's conviction for an offense in the State of Wyoming that was similar to a Pennsylvania violation of the driving under the influence statute (DUI), Section 3731 of the Vehicle

Code, 75 Pa.C.S. § 3731.[1] The report shows that Licensee pled guilty on December 13, 2001, to the charge of driving a vehicle with a .10% blood alcohol content or higher. By official notice, DOT informed Licensee that his driver's license was being suspended under Sections 1532(b)[2] and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b), 1581, for a period of one year, as a result of receiving the conviction report. Licensee filed an appeal with the trial court, which held a *de novo* hearing on the matter.

At the hearing, counsel for DOT moved to admit, *inter alia*, the conviction report, as well as the envelope in which it had been sent. The envelope contained a return address, printed in bold capital letters, which read: "**WYOMING DEPARTMENT OF TRANSPORTATION,** 5300 Bishop Blvd. Cheyenne, Wyoming 82009–3340," (Commonwealth Ex. 1, p. 30).[3] The conviction report contained in the envelope stated that Licensee was convicted for DUI in that state. The Director of the Pennsylvania Bureau of Driver Licensing certified the documents.

Licensee objected to the admission of the conviction report, arguing that it was not sufficient under the Compact because it was not certified by the Wyoming licensing authority and it did not indicate on its face that it originated from the Wyoming licensing authority. *Tripson v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 195 (Pa. Cmwlth.2001), *petition for allowance of appeal denied,* 568 Pa. 690, 796 A.2d 320 (2002). Licensee also argued that the document was not prepared by the licensing authority for the state of Wyoming. Specifically, Licensee argued, "[t]he record itself, is a court abstract. It is not a record from the Department of Transportation of Wyoming. Just because it came from an envelope from them doesn't mean that's what it is." (Tr. at 3). Licensee then asserted that, under *Tripson,* DOT cannot certify the conviction report because the document, on its face, does not indicate it is from the Wyoming Department of Transportation. The trial court sustained Licensee's statutory appeal, reasoning that the abstract did not indicate, on its face, that its source was the licensing authority of the reporting state and, as such, provided an insufficient basis for DOT to impose the license suspension. DOT appeals the

---

1. This section provides:

   § 3731. Driving under influence of alcohol or controlled substance
   (a) Offense defined.—A person shall not drive, operate, or be in actual physical control of the movement of a vehicle in any of the following circumstances:
   (1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
   * * * *
   (4) While the amount of alcohol by weight in the blood of:
   (i) an adult is 0.10% or greater; or
   (ii) a minor is 0.02% or greater.

2. 75 Pa.C.S. § 1532(b)(3) provides that:

   The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on section 3731 or 3733. The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of a consent decree granted under 42 Pa.C.S. Ch. 63 (relating to juvenile matters) based on section 3731 or 3733.

3. There is no argument that the Department of Transportation is not, in fact, the licensing authority for Wyoming.

order to this Court.[4] We must now determine whether a Wyoming licensing authority's return address on an envelope that contains a conviction report, where both the envelope and the conviction report from the state of Wyoming are entered into evidence, is legally sufficient evidence to indicate that the report was, in fact, sent from the Wyoming licensing authority and, thus, satisfies the requirements of the Compact.

In reviewing DOT's argument on appeal, we recognize that in reciprocal license suspension cases, such as this one, DOT has the burden of proving that the documents upon which it relies to suspend a Pennsylvania driver's privileges were sent from the reporting state's licensing authority. *Tripson; see also Gallant v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 1 (Pa.Cmwlth. 2002) (*en banc*). In contrast to Licensee's position in this case, neither *Tripson* nor its progeny held that "Section 1532(b)(3) requires that an out-of-state conviction be certified by the submitting state." *Bergen v. Department of Transportation, Bureau of Driver Licensing*, 785 A.2d 157, 165 (Pa.Cmwlth.2001). Rather, "the Court held in *Tripson* that it was a part of DOT's burden in Compact cases to offer proof that the licensing authority of the convicting state transmitted to DOT a report of the licensee's conviction." *Siekierda v. Department of Transportation, Bureau of Driver Licensing*, 798 A.2d 840, 843 (2002), *petition for allowance of appeal granted*, 571 Pa. 711, 812 A.2d 1232 (2002). In evaluating whether DOT has met its burden, our cases

applying *Tripson* have treated as determinative whether, on the face of the

documents submitted by the Bureau, there is evidence that the licensing authority transmitted the documents to the Bureau. In cases in which the transmitting state's licensing authority is not identified on the face of the offered documents, we have found the Compact requirements unsatisfied. In contrast, in cases where the proffered documents reference the licensing agency for the reporting state, we have found that the Compact requirements were satisfied.

*Kilgore v. Department of Transportation, Bureau of Driver Licensing*, 832 A.2d 594, 598 (Pa.Cmwlth.2003), (footnotes omitted). Regarding Licensee's argument that the report does not seem to have been drafted by the Wyoming licensing authority, we note that "The Compact requires only that the licensing authority forward the conviction report, not that the licensing authority author the report." *Kilgore*, at 599. Thus, our analysis in this case turns on whether the evidence offered contains indicia on its face that it was sent from the licensing authority of Wyoming and not on whether the documents were certified or drafted by the licensing authority.

Wyoming statutes provide that the Wyoming Department of Transportation is the licensing authority for the state. The statutes also establish a duty on all Wyoming courts to forward, to that state's Department of Transportation, an abstract of all traffic-related convictions. Wyo. Stat. § 31–5–1214. Article III of the Compact, to which Wyoming is a party, requires "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Wyo.

---

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether it committed an error of law or whether it abused its discretion. *Gallant v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 1 (Pa.Cmwlth.2002).

Stat. § 31–7–201. The Compact does not provide a specific format for the manner in which the report is to be made, requiring only that the report, in whatever form:

> shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Wyo. Stat. § 31–7–201, Article III; 75 Pa. C.S. § 1581, Article III. DOT, as the licensing authority for the Commonwealth of Pennsylvania, upon receipt of an Article III report, had a duty under Article IV of the Compact to treat the offense as described on the report as if it had occurred within the Commonwealth. In discussing this obligation, the Pennsylvania Supreme Court has noted the nature of the Compact as "a contractual agreement among states intended to promote compliance with each party state's driving laws and regulations," that has been incorporated into the statutory law of the member states. *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 550 Pa. 639, 642, 708 A.2d 481, 482 (1998). Given the contractual nature of the Compact, the Court has directed "its terms [be interpreted] according to their plain meaning," and that they not be 'give[n] . . . a meaning that conflicts with that of the language used." *Id.* at 645, 708 A.2d at 484.

In the instant case, the conviction report received by DOT conformed to the specific requirements set forth in Article III of the Compact. The form identified Licensee, listing his name, address, date of birth, Pennsylvania driver's license number, his class of license, as well as his social security number, gender and race. It described the motor vehicle violation, listing the offense of driving with a blood alcohol content of .10% or higher, while also identifying the date, county and town in which the violation occurred, as well as the name and badge number of the arresting officer. The report also identified the citation number of the case as well as the caption, specifically, "State of Wyoming v. McCord, Edward L." The report identified the judge who conducted the hearing, the docket number of the case, and the court in which the case was heard. Further, it indicated the disposition of the case, which was that Licensee entered a plea of guilty, that the court accepted. In addition, the report contained the provisions of Licensee's sentence, noting that he received a 20–day suspended sentence with credit for one day, that he was fined $530 and that he was given probation for a six month period. The report also noted several probation conditions.[5] With this information, the report not only meets, but exceeds, the specific requirements set forth in Article III. Licensee does not, in any manner, contend that any of the information contained in this form was incorrect or that it does not apply to him. Rather, Licensee argues only that the report is insufficient, under *Tripson* and its progeny, because the licensing authority is not specifically mentioned on the report.

We have noted that, in accordance with the explicit instruction of our Supreme Court, "[w]e have not . . . required [reporting] documents to contain a specific phrase or language to show their origin, as

---

5. The probation conditions set forth on the report included that he "break no laws," that he refrain from using alcohol or controlled substances while in a vehicle, and that he not enter into establishments "whose primary source of income is" the sale of alcohol. (Conviction Report).

to do so would add contractual language to the Compact which, under *Sullivan*, we are not permitted to do. Imposing our own Pennsylvania-specific reporting requirements, which are not in the Compact, would undermine its reciprocal nature." *Kilgore*, at 598. However, since Article III of the Compact does indicate that the licensing authority of the reporting state is required to transmit the information, "under *Gallant* and *Tripson* we have required that the *documents* submitted contain some indicia that ... they were sent from the licensing authority." (emphasis added). This indicia need not be on the report itself, but may derive from extrinsic documentation. *Kilgore* (finding that a letter on licensing authority stationary referencing an attached report, when read in tandem with the report, was sufficient under the Compact to show that the report was transmitted by the licensing authority).

In the instant case, as in *Kilgore*, DOT relies on extrinsic evidence to establish the sender of the report. However, instead of relying on a letter from the custodian of records on the licensing authority's stationery, in this case, DOT relied on the envelope in which the report was sent. The return address of the envelope very clearly indicates that it was sent from the **"WYOMING DEPARTMENT OF TRANSPORTATION,"** and provides the

corresponding street address. As noted, Wyoming statutory law designates the Department of Transportation as the licensing authority for that state and makes the department the repository for abstracts of conviction reports for driving offenses committed within its borders.[6] Given the Wyoming licensing authority's Article III mandated reporting responsibility in this situation, that the department is a repository for such information, that the convicting trial court was required to send its abstract of conviction to the Wyoming Department of Transportation, and that the Pennsylvania Department of Transportation received an Article III compliant report in an envelope with a return address for the Wyoming licensing authority, there is little question as to the sender of this report. In fact, Licensee does not contest that the report "came from an envelope" from the Wyoming licensing authority. (N.T. at 2.) We, thus, conclude, as we did in *Kilgore*, that DOT provided extrinsic evidence for the trial court to consider in tandem with an Article III compliant conviction report and, further, that, as in *Kilgore*, the extrinsic evidence had been sent by the licensing authority, with the report itself. We, therefore, hold that DOT satisfied its evidentiary obligation under *Tripson* and its progeny.[7]

6. Wyoming Statute § 31–5–1214(f) provides that "The department shall keep all abstracts received hereunder at its main office and the abstracts shall be open to public inspection during reasonable business hours."

7. Unquestionably, the result would be different if DOT had not offered the extrinsic evidence (the envelope) into evidence. *See Snyder v. Department of Transportation, Bureau of Driver Licensing*, 808 A.2d 318 (Pa.Cmwlth. 2002). In *Snyder*, DOT provided only testimony from a DOT records clerk that, although the envelope in which the conviction report in question had been sent had been "thrown in the trash," notices of out-of-state violations *typically* come in an envelope that

contains a return address from the department of transportation of the reporting state. *Id.* at 319–320. We rejected this testimony, noting that "[the witness] could not testify as to what actually happened in the present case.... [S]he could only testify as to what was supposed to happen." *Id.* at 321. In the case *sub judice*, unlike in *Snyder*, DOT *did* preserve the envelope in which it received the conviction report and did present it as evidence. Given this factual difference, *Snyder* is not controlling. We note that Pennsylvania common law has long afforded weight to the information contained in a return address on an envelope. *See, e.g., Jensen v. McCorkell*, 154 Pa. 323, 26 A. 366 (1893) (noting that the

Again, we reiterate that Licensee does not challenge any of the information contained within the Article III report. Because the report clearly indicates that Licensee had been convicted of an offense substantially similar to Pennsylvania's DUI statute, and because DOT presented extrinsic evidence that the report came from the Wyoming licensing authority, DOT appropriately suspended Licensee's driving privileges under Sections 1532(b)(3) and 1581 of the Vehicle Code.

For these reasons, we reverse the order of the trial court.

### ORDER

**NOW,** November 3, 2003, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

addressee of an envelope was presumed to have originated from the person identified on the return address of the envelope); *Cortese v. Cortese,* 163 Pa.Super. 553, 63 A.2d 420 (1949) (relying, *inter alia,* on the return addresses on the envelopes of several letters sent from a party to indicate that the party resided outside of Pennsylvania).