**Russell B. THORBURN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2003.

Decided Dec. 5, 2003.

---

Craig A. Sopin, Philadelphia, for appellant.

Terrance M. Edwards and Timothy Wile, Asst. Counsel. In–Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Russell B. Thorburn (Thorburn) appeals from an order of the Court of Common Pleas of Montgomery County that denied his appeal of the suspension of his operating privileges by the Department of Motor Vehicles, Bureau of Driver Licensing (Department). We reverse the trial court.

Thorburn was convicted of the offense of driving while intoxicated in the State of New Jersey in violation of N.J.S.A. § 39:4–50(a) for an offense that occurred on September 6, 1998. In an official notice dated December 14, 1999 the Department notified Thorburn that his driving privilege was being suspended for one year, effective January 18, 2000, for violations of Sections 1532(b) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b) and 1581. Thorburn filed a timely appeal to the Court of Common Pleas of Montgomery County on January 18, 2000. At the hearing before the trial court the Department offered into evidence a packet of documents in support of its claim that Thorburn had been convicted of the offense of DWI in New Jersey. Two of the documents in that packet were copies of the front and back of the complaint-summons issued to Thorburn that had been transmitted to the Department by facsimile. The complaint bore Thorburn's name, address and driver license number and had been signed by the charging officer and the judge who found him guilty. The complaint also indicated that it had been issued by the "Municipal Court" in the "Township of Dover" in "Toms River, NJ 08753." and indicated further that Thor-

burn had been convicted of DWI.[1] Thorburn objected to the admission of the copies of the citation on the ground that nothing on those copies indicated that they had been received from the New Jersey Division of Motor Vehicles, the issuing authority of the state of New Jersey. The Department insisted that the legend printed on the copies by the transmitting fax machine, "FROM: DMV SURCHARGE," was sufficient to indicate that they had received from New Jersey's Department of Motor Vehicles.

The question we are asked to consider[2] is whether the facsimile copies of the citation issued to Thorburn in New Jersey and relied on by the Department are sufficient to suspend his privileges pursuant to 75 Pa.C.S. § 1532(b).[3]

In *Tripson v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 195, 197 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 568 Pa. 690, 796 A.2d 320 (2002), we said, "The Department may not certify that the documents are reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." In *Bergen v. Department of Transportation, Bureau of Driver Licensing,* 785 A.2d 157 (Pa.Cmwlth.2001), relying on *Tripson,* we held that the documents received from a reporting state did not have to be certified by the reporting state as such certification would negate electronic transmissions, but that it did have to appear on the face of the documents that they were received from the licensing authority of the reporting state. The question then becomes whether the legend "FROM: DMV SURCHARGE" printed in the upper left hand corner of the faxed documents makes it appear from the face of the documents that they were received from the licensing authority of the State of New Jersey.

In *Boots v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 64 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 564 Pa. 722, 766 A.2d 1242 (1999), we sustained a motorist's appeal of the suspension of his driving privileges on the ground that nothing in the report of his conviction in the state of Illinois indicated that it had been received from the licensing authority of Illinois. In *Tripson* the documents relied on by the Department were received by it from the office of a West Virginia district magistrate. We held that this was insufficient in that they were not received from the licensing authority of West Virginia. In *Bergen* the document relied on by the Department was an "Out of State Driver Violations Report" that had clearly originated from the licensing authority of New Jersey, the State of New Jersey Department of Motor Vehicles. In *Kilgore v. Department of Transportation, Bureau of Driver Licens-*

---

1. Thorburn does not deny this conviction.

2. Our standard of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Trout v. Department of Transportation, Bureau of Driver Licensing,* 764 A.2d 701 (Pa.Cmwlth.2000), *petition for allowance of appeal granted,* 572 Pa. 718, 813 A.2d 848 (2002).

3. Section 1532(b)(3) provides in pertinent part,

> (3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact)....

*ing,* 832 A.2d 594 (Pa.Cmwlth.2003), the documents relied on by the Department were accompanied by a letter that clearly indicated that they had originated from the New Mexico Motor Vehicle Division of the New Mexico Taxation and Revenue Department, the issuing authority of the State of New Mexico. In *Kilgore* we summed up our holdings in these cases by saying, "Our recent opinions applying *Tripson* have treated as determinative whether, *on the face of the documents submitted* by the Bureau, there is evidence that the licensing authority transmitted the documents to the Bureau. In cases in which the transmitting state's licensing authority is not identified on the face of the offered documents, we have found the compact requirements unsatisfied." 832 A.2d at 598 (emphasis added). In the recently decided *Ferraguti v. Department of Transportation, Bureau of Driver Licensing,* 824 A.2d 354 (Pa.Cmwlth.2003), we considered a document submitted by the Department that indicated that it was a "Division of Motor Vehicles, Out of State Driver Violations Report." The state was not identified because the top of the document was cut off. We concluded by inference that the report indicated that it was from the licensing authority of New Jersey because it was headed "Division of Motor Vehicles" and contained New Jersey statute citations and the conviction locator reference numbers.

■ In the case before us we are asked to take a step beyond *Ferraguti* onto a steeper slope of inference. The two documents submitted by the Department in this case consist of photocopies of each side of the citation issued to Thorburn. The front of the citation details the offense with which he was charged, "D.W.I.," and the New Jersey statute number, 39-4-50. The copy of the back of the citation indicates that he was convicted of the offense on November 12, 1998. The complaint itself makes no mention of the Department of Motor Vehicles, New Jersey's issuing authority. The Department asks us to infer that "DMV" in the legend "FROM: DMV SURCHARGE" printed by the transmitting fax machine on the upper left hand corner of the documents stands for Department of Motor Vehicles and that that they were transmitted by New Jersey's Department of Motor Vehicles because the citation copied on them was issued in New Jersey.[4]

We conclude, however, that more is needed. Our courts should not have to interpret the legends printed by fax machines to determine the origin of documents. We distinguish this case from *Ferraguti* in that it was apparent in *Ferraguti* that the words "State of New Jersey" had been at the top of the document transmitted but had been cut off, because the remaining part of the heading made it clear that the Department of Motor Vehicles, an issuing authority, was transmitting a report of a violation from the state of New Jersey. Here no attempt has been made by the transmitting state to identify itself beyond the inference we are forced to draw concerning the initials "DMV" printed by a fax machine on a copy of a New Jersey citation. Reporting states can and should do more to identify themselves. They have the necessary authority under the Compact in 75 Pa.C.S. § 1581 Article VII, that provides,

---

4. The Department also urges that the trial judge could have taken judicial notice of N.J.S.A. 17:29A-35(h) that imposes "surcharges" on drivers convicted of D.W.I. in New Jersey to account for the word "SUR-CHARGE" in the legend on the facsimile. We reject this reasoning because the finder of fact is limited to the evidence appearing on the face of the documents submitted by the Department. *Bergen.*

**644** ■■■■■■■■■■■■■■■■■

(a) The head of the licensing authority of each party state shall be the administrator of this compact for his state. The administrators, acting jointly, shall have the power to formulate all necessary and proper procedures for the exchange of information under this compact.

(b) The administrator of each party state shall furnish to the administrator of each other party state any information or documents reasonably necessary to facilitate the administration of this compact.

■ We are unwilling to extend our holding in *Ferraguti,* and we conclude that "information ... reasonably necessary to facilitate the administration of this compact[]" must include a clear indication on the face of each violation reported to the Department of the identity of the state of origin and the identity of the issuing authority in that state. *Boots; Tripson.*

Accordingly, the order of the Court of Common Pleas of Montgomery County in this matter is reversed.

### *ORDER*

AND NOW, this 5th day of December 2003, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is REVERSED.